Please remain seated. The United States Court of Appeals for the Ninth Circuit is now in session. Appellate Commissioner Peter L. Straw presiding. Okay, good afternoon. This is the case of United States v. Marshall Richmond and this is a hearing held to determine whether the court will exercise its discretion to allow Mr. Richmond to represent himself on appeal. So let me take first appearance from the government. Jennifer Martin for the United States. Okay, welcome and we have current standby counsel for Mr. Richmond. I'm operating here. All right and Mr. Richmond is appearing by videoconference. The videoconference is being conducted at the United States Court of Appeals in San Francisco. Mr. Richmond is appearing from the Federal Correctional Institute at Sheridan, Oregon. And so we are recording this proceeding. There'll be a tape available if needed in case that becomes necessary. I doubt that it will. And because I'm going to be asking you questions, Mr. Richmond, I'd like for you to be sworn in and I'm going to ask my courtroom deputy now to administer the oath. Please remain seated and raise your right hand. Do you solemnly affirm that the statement you're about to make will be the truth, the whole truth, and nothing but the truth? And this you do under the pains and penalties of perjury? Yes. Please state your full name for the record. Marshall Charles Richmond III. Thank you. All right. Mr. Richmond, do you have any physical or mental impairments or limitations that would affect your ability to participate fully and knowingly in the proceedings today? No, I don't. Are you under the influence of any drug or alcohol? No, I'm not. Are you able to hear me and respond freely? Yes. So in response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request is knowing, intelligent, and unequivocal. Do you understand that? Yes, I do. You have the right to counsel on this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal. In determining whether the court will allow you to represent yourself, the court will first inform you of the dangers and disadvantages of self-representation on appeal. Second, inquire whether the issues on appeal are so complex that the assistance of counsel will unduly burden the court or other parties or undermine the integrity of the outcome. Do you understand all that? Yes, I do. You also may withdraw your request to represent yourself, and in that event, you may retain counsel at your expense who will enter an appearance. I am also authorized to appoint counsel to represent you if you are unable to afford counsel. The Court of Appeals does not, however, permit the use of an advisory or standby counsel, so you may not represent yourself and simultaneously have counsel appointed to assist you. Do you understand that? Yes, I do. All right. So that I may do my job effectively and evaluate this request, it would be helpful for me, for you, to describe your education, your job in researching and writing. So let's begin with your education, Mr. Richmond. Well, I have a GED, and I have three years of college. And where do you go to college? H-E-M-E-K-T-A. Okay. And is that a junior college or a community college? Junior. Community college. And where's that located? Salem, Oregon. Okay. All right. And did you have a college? It was just general. General education? Yeah. Okay. Did you take any writing classes when you were there? Yes, I did. What kind of writing? Creative writing, basic. Well, the criteria to obtain an A.A. degree. Okay. Did you get an A.A. degree? I didn't finish. Okay. All right. So have you had any job history? Well, the employment that I was just currently employed at was a flagging job that I just got when I got out of the penitentiary. I didn't quite catch what kind of a job it was. Flagging. Flagging. It was flagging. Is that like on the No. No. Okay. All right. Have you ever represented yourself in a court proceeding other than in the parts of this proceeding that you represented yourself? No. Well, yes, I did. I represented myself at the last violation. The last violation of supervised release. Exactly. Your Honor, this is Todd Hofferty. Yes. He actually also represented himself in a federal trial back in early March on a witness tampering matter. I was the standby counsel on that. Oh, so you did represent yourself on that witness tampering? Yes. And I understand that ended up in an acquittal. Is that correct? Yes. All right. All right. So why is it that you want to represent yourself, Mr. Richman, when you are evidently entitled to have an attorney represent you at no cost to you? Well, the reason that I prefer representing myself is because of the issues at hand. And I feel that dealing with the public defenders in the past has not really adequately addressed the issue that I wanted to present to the courts. Okay. And so I noticed that you raised, you filed a brief in your last appeal in which I allowed you to represent yourself to the extent of filing a brief in a case where your appointed counsel had filed a brief under Anders saying that your counsel didn't find any issues. So you filed a brief. So I'm curious whether any of the issues that you are wanting to raise in this are similar to or identical to those issues you raised last time. Well, the issues at hand, in the first one, I only raised the unconstitutional statute, which now I've accumulated more information pertaining to jurisdiction, to plain error, and a couple other vehicles or rules that I could use. To address the court with. But it's basically the same issue that you're contending that the original statute under which you were convicted is somehow not a valid basis for your conviction or your continuing involvement with the criminal justice system. Is that right? Exactly. All right. Okay. Because even if I were inclined to recommend self-representation, I couldn't do that unless I went through this colloquy, this discussion. So I'm going to do that now. So, but before I do, I want to, Ms. Martin and Mr. Bofferting, I want to tell you that at the end, I'm going to call on you to add any additional points that you think are relevant in informing the defendant about the dangers and disadvantages of self-representation on appeal. Fair enough, Mr. Martin, Ms. Martin? Yes, that would be fine. And Mr. Bofferting? Yes, that's fine. Okay. So, before I begin, I just, I know you know some of this and I don't mean to insult your intelligence. I just want to make sure that we cover everything so we have a record. No problem. Yes, I do. Okay. Yes, I do. Yes, I do. Okay. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do.  Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. Yes, I do. No, thank you very much. Yes, I do. Nothing to add. Yes, I do. Oh, transcripts from a trial? Yes. Yes, I do. Yes, I do. No, I'm not taking a position. Thank you. Yes, I do. All right. This is Jennifer Mark from the government, and I'll go ahead and sign off now. I don't believe so. Thank you very much, Jennifer. Thank you. I don't anticipate I will. Thank you. Ms. Martin, thank you for participating today, and you are now excused. Thank you very much. Goodbye. Goodbye.
judges: Appellate Commissioner Shaw